| | |
|---|---|
| **Prosecutor General's Office**<br>**of the Russian Federation** | **Ms. Mary Ellen Warlow**<br>**Director**<br>Office of International Affairs |
| 15A Bolshaya Dmitrovka<br>Moscow, GSP-3, 125993, Russia | US Department of Justice |
| 02.2005  Our ref. 35/2-423-05 | 1301 New York Ave. NW<br>Washington, D.C. 20005 |

Esteemed Ms. Warlow,

The Prosecutor General's Office of the Russian Federation presents its compliments to the US Department of Justice and pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters of June, 17, 1999 kindly requests legal assistance in criminal matter No. 45652, instituted on the elements of the crime stipulated in paragraph "b", part 2, Article 199 (evasion of tax and (or) other payments by an organization) of the Criminal Code of the Russian Federation.

Performance of the investigative actions in the territory of the United States of America is necessary to ensure a comprehensive preliminary investigation.

The Prosecutor General's Office of the Russian Federation guarantees that the information and documentation obtained upon execution of the request will be used for the purposes of the investigation only to ensure it being thorough, comprehensive and impartial and will not cause any harm to the sovereignty, security and public order of the United States of America.

Please forward the materials of the executed request to the Prosecutor General's Office of the Russian Federation at 15A Bolshaya Dmitrovka, Moscow, GSP-3, 125993, Russia.

The Prosecutor General's Office of the Russian Federation thanks you in advance for your cooperation and confirms its readiness to provide similar or other kind of legal assistance in criminal matters to the law-enforcement agencies of the United States of America.

Enclosure: international request for legal assistance in 21 pages.

Deputy Chief
International Law Department          /hand signature/          S.V.Gorlenko

Translated into English by A. Rochlukova

Перевод на английский язык

| | |
|---|---|
| MVD of RUSSIA<br>*<br>HEAD DEPARTMENT OF<br>INTERIOR<br>OF MOSCOW REGION<br>HEAD DEPARTMENT OF<br>INVESTIGATION<br>INVESTIGATION DEPARTMENT<br>#14/<br>125993, Moscow, Nikitskiy pereulok 3 | To the competent bodies<br>of the United States of America |

### International Investigation Commission

On rendering legal assistance
In investigating
Criminal case № 45652

**Basis:** Agreement between Russian Federation and the United States of America on mutual legal assistance in criminal cases from 17.06.1999,

### Dear Ladies and Gentlemen!

Investigation department of the Head Department of Investigation of the Head Department of Interior of Moscow Region would like to express its deep respect and would like to ask you to assist us in investigation of a criminal case #45652.

In a production of an Investigation department of the Head Department of Investigation of the Head Department of Interior of Moscow Region the is a criminal case # 45652, which was filed on December 6th, 2004 on a characteristics of a crime, that is foreseen by article 199, part 2, paragraph "b" of the Criminal Code of the Russian Federation, the full text of which is attached.

### Circumstances of the Criminal Case:

Chiefs of an Opened End Joint Stock Company (further in the text referred to as OAO) "Podolskiy mashinostroitelny zavod" (further in the text referred to as OAO "PMZ"), which is situated at the following address: Moscow Region, City of Podolsk, Jeleznodorojnaya street 2, on a February 1st, 2000, have signed a contract # HP/04-11.02 with a **"McLane Alliance" Inc, company, situated at the following address: 1220, N.Market Street, # 606, Wilmington, New Castle, Delaware, USA,** according to this contract, OAO "PMZ" is required to deliver to the address of the "Mclane Alliance" Inc, digital portative pressure calibrators KDP-610 (further referred to as pressure calibrators) for a total of **2.049.967,8** US dollars, after buying pressure calibrators, according to the contract #PO-13 from January 20th, 2000, from OOO "Torgovaya group RAUT", delivered this pressure calibrators, according to the customs declaration #22910/100200/00011701 and CMR #062937 to the address of the representation office of the "McLane Alliance" Inc., in a Lithuania Republic at the following address: Lithuania Republic, City of Klipeda, Liepu street 17, using an automobile with a license plate ZLP 407. According to the paragraph 31 of the above mentioned customs declaration, the producer of this pressure calibrators is OAO MNPO "Spektr" company.

On July 3rd, 2001 the tax bodies have came to a decision on a tax refund (VAT) in an amount of **11.661.660** rubles on a contract #HP/04-11.02 from February 1st, 2000 in a way of a payment on other taxes of OAO "PMZ", because the export of goods according to the Russian legislature is taxable at a stake of **VAT 0%**.

Nevertheless, during the investigation of the criminal case it is established, that OAO MNPO "Spektr" did not sign any agreements with OOO "Torgovaya group RAUT" and it is not a producer of the above mentioned pressure calibrators. Also, from the Agency of the investigation of the financial crimes of the Ministry of Interior of Lithuania Republic, we have received an answer, according to which, Customs Department of the Ministry of Finance of the Lithuania Republic, there is no information in a database of the Vilnus and Klipeda customs houses, regarding export of the pressure calibrators KDP-610 by a OAO "PMZ" company to the Lithuania Republic. Also they answered that there is no representation office of the "McLane Alliance" Inc. In a Lithuania Republic, there is no automobile Ford with a state license plate ZLP 407 that has crossed a state border of the Lithuania Republic on February 18th, 2000 **with no cargo.**

In this way, chiefs of the OAO "PMZ" company, in a period since 01.01.2000 and through 31.12.2001 in a way of presenting false tax declarations on a VAT to a tax bodies, have been avoiding tax payments to a budget of the Russian Federation for a total of **11.661.660 rubles**, which is according to a Russian Law is considered as an **especially large amount**, meaning they have committed a crime, that is foreseen by an article 199, part 2, paragraph "b" of the Criminal Code of the Russian Federation. The present crime, according to the Criminal Law of the Russian Federation is considered to be a **heavy crime.**

In order to establish the guilty party in committing this crime, for a full and objective investigation and for a further court hearing of the criminal case it is quite necessary for the investigation to carry out investigation activities and to obtain information on a territory of the United States of America. With out this actions, it is impossible to complete the investigation, and that is why the Investigation Department of the Head Investigation Department of the Head Department of Interior of Moscow Region is asking you to fulfill the following:

1. To establish if **"McLane Alliance" Inc.** (on an information in a criminal case, this company is registered at the following address: **1220, N. Market Street, #606, Wilmington, New Castle, Delaware, USA**) is registered according to the law on a territory of the United States of America, at which address (legal address and actual address), what kind of activity does it carry out, contact phone numbers of the office of the present company, its bank properties and tax status.
2. Who is a chief at the present time of the "McLane Alliance" Inc. Company (on an information in a criminal case, the President of the present company or its representation office in Lithuania Republic, during the period of time that is at most interest for the investigation, was A. Ushakov), who is possibly resident on a territory of the United States of America)
3. To establish names and last names of the actual founders of the "McLane Alliance" Inc. Company.
4. In case if you shall establish chief of the "McLane Alliance" Inc. Company (especially A. Ushakov), please interrogate him as a witness on a following questions:
- Since when is he working in a "McLane Alliance" Inc. Company, on what position, what are his duties and job rights, what kind of activity does "McLane Alliance" Inc. Company carry out?
- Did "McLane Alliance" Inc. Company sign a contract HP/04-11.02 from February 1st, 2000/
- What were a pre-signing relationship prior to a signing of the above mentioned contract between the chiefs of "McLane Alliance" Inc. Company and OAO "PMZ" company?
- For what period was this contract signed?
- What is a subject of the present contract?

- Which of the sides, according to this contract, was obligated to carry out customs procedures during crossing of the state borders?
- Who signed this contracts on behalf of the "McLane Alliance" Inc. Company and on behalf of the OAO "PMZ" company?
- Does "McLane Alliance" Inc. Company has a representation office in the Lithuania Republic, if yes, then where is this representation office situated and who is the chief of this representation office (according to the materials of the criminal case this representation office is situated at the following address: Lithuania Republic, City of Klipeda, Liepu street 17)?
- Does he know citizens of the Russian Federation Nosal Vasiliy Ivanovich, Linnikov Egor Vladimirovich? If he does, then when, where and under what circumstances did he get to know them? Did Mr. A. Ushakov had an official right or any other person had this right to represent interests of the "McLane Alliance" Inc. Company in Lithuania Republic and to sign the above mentioned contract on a purchase of a pressure calibrators?
- For what amount and in what quantity the pressure calibrators were delivered from OAO "PMZ" to the address of the "McLane Alliance" Inc. Company, what form of payment was foreseen, what is the price of the contract, from which bank account the money were transferred for the pressure calibrators?
- What conditions of delivery were foreseen on the above mentioned contract?
- What kind of transportation means were used for the cargo delivery, what kind of packaging was used, which company was responsible for the transportation from the Russian Federation to the Lithuania Republic?
- What are the digital portative pressure calibrators KDP-610, for which purposes are they used?
- Who in the "McLane Alliance" Inc. Company has the right of signing contracts and financial documents?
- Were the above mentioned pressure calibrators, after their purchase by the "McLane Alliance" Inc. Company, delivered to the address of other companies?
5. In case if it should be impossible to obtain witness testimony from the chiefs of "McLane Alliance" Inc. Company, I am asking you to question founders of the "McLane Alliance" Inc. Company on the above stated questions.
6. To extract in the "McLane Alliance" Inc. Company originals, or re-assured copies of the following documents:

- Contract # HP/04-11.02 from February 1st, 2000 with attachments;
- Business correspondence between "McLane Alliance" Inc. Company, Russian company OAO "PMZ", representation office of the "McLane Alliance" Inc. Company in Lithuania Republic and other addresses in Russian Federation, concerning the fulfillment of the above mentioned contract between "McLane Alliance" Inc. And OAO "PMZ" companies;
- Documents, showing money transfer from the accounts of "McLane Alliance" Inc. Company to the accounts of OAO "PMZ" company for a purchase of pressure calibrators;
- Documents, showing bank payments between "McLane Alliance" Inc. Company, USA, and representation office of the "McLane Alliance" Inc. Company in Lithuania Republic, concerning fulfillment of the contract # HP/04-11.02 from February 1st, 2000;

In case if this people should reject giving testimony, to sign interrogation protocols, to present documents, please, mention the reason of such rejection in writing.

Please, send the results of this investigation to the Investigation Committee of the Ministry of Interior of the Russian Federation at the following address: 103009, Moscow, Gazetniy pereulok 6. In case of a delay or in case of a full or partial rejection of legal assistance, please, notify us immediately through the Interpol channels.

All the information in the present international investigation commission is confidential and is intended for an official use only, because it is a secret of the investigation. We guarantee you,

that all the data received by us as a result of the fulfillment of the present commission, will not be disclosed to a third party and will be used only in the interest of the investigation of the criminal case.

Using this moment, we would like to express you our deep respect, and to assure you in our readiness to legally assist you in a frameworks of the mentioned agreement between the Russian Federation and the United States of America on mutual legal assistance in criminal cases from 17.06.1999.

Contact phone numbers:
(code of the Russia) (095) 929-52-01
(code of the Russia) (095) 222-41-04
(code of the Russia) (095) 929-51-16
Fax:
(code of the Russia) (095) 222-41-04
(code of the Russia) (095) 929-52-01

**Investigator of the 6th department**
**Of the Investigation department**
**Of the Head Investigation department**
**Of the Head Department of Interior**
**Of Moscow Region**
**Senior lieutenant of justice**                                                                 E.S. Nikolaev

**Criminal Code of the Russian Federation from June 13th, 1996, # 63-FL**
(with changes from May 27th, June 25th, 1998, February 9th, March 15th, 18th, July 9th, 1999, March 9th, 20th, June 19th, August 7th, November 17th, December 29th, 2001, March 4th, 14th, May 7th, June 25th, July 24th, 25th, October 31st, 2002, March 11th, April 8th, July 4th, 7th, December 8th, 2003, July 21st, 26th, 2004).

Accepted by State Duma on May 24th, 1996
Agreed by a Federation Council on June 5th, 1996

**Article 1999.** Avoiding tax payments and (or) collections from an organization.
1. Avoiding tax payments and (or) collections from an organization in a way of not presenting tax declaration or other documents, presenting of which, according to the Russian Federation legislature on taxes and collections is required, or in a way of presenting a false information in a tax declaration or other documents, committed in a large amount –
Penalized by a fine in an amount from one hundred thousand and up to three hundred thousand rubles or in an amount of wage or any other income of the convicted person for a period from one year and up to two years, or by an arrest for a term from four and up to six months, or by imprisonment for a term of up to two years with termination of a right to obtain certain official positions or to carry out a certain activity for a term of up to three years or with out such limitations.
2. Same did, committed:
   a) by a group of people with a conspiracy;
   b) <u>in an especially large amount</u>-
Penalized by a fine in an amount from two hundred thousand and up to five hundred thousand rubles or in an amount of wage or any other income of the convicted person for a period from one year and up to three years, or by imprisonment for a term of up to six years with termination of a right to obtain certain official positions or to carry out a certain activity for a term of up to three years or with out such limitations.

Notice. Large amount in the present article, also in an <u>article 199.1</u> of the present Code considered to be an amount of taxes and (or) collections, that comes, for a period within the limits of three <u>financial years</u> in a row, to more then five hundred thousand rubles, on a condition, that the part of an unpaid taxes and (or) collections exceeds 10 percent of a taxes and (or) collections should be paid, or that exceeds one million five hundred thousand rubles,
and especially large amount – amount, that comes, for a period within the limits of three financial years in a row, to more then two million five hundred thousand rubles, on a condition, that the part of an unpaid taxes and (or) collections exceeds 20 percent of a taxes and (or) collections should be paid, or that exceeds seven million five hundred thousand rubles,

Copy is correct
Investigator Nikolaev E.S.

Order
On search (extraction)

Moscow City                                                              "17" December 2004

Investigator of the 6th department of the investigation department of the Head department of investigation of the Head department of interior of Moscow region, senior lieutenant of justice Nikolaev E.S., after examining the materials of the criminal case #45652,

**HAS ESTABLISHED:**

The present criminal case was filed on 06.12.2004 on a characteristics of a crime, that is foreseen by article 199, part 2, paragraph "b" of the Criminal Code of the Russian Federation against unknown officials of the OAO "Podolskiy mashinostroitelniy zavod" (further referred to as OAO "PMZ") during the period from 01.01.2000 through 31.12.2001.

Chiefs of an Opened End Joint Stock Company (further in the text referred to as OAO) "Podolskiy mashinostroitelny zavod" (further in the text referred to as OAO "PMZ"), which is situated at the following address: Moscow Region, City of Podolsk, Jeleznodorojnaya street 2, on a February 1st, 2000, have signed a contract # HP/04-11.02 with a "McLane Alliance" Inc. company, situated at the following address: 1220, N.Market Street, # 606, Wilmington, New Castle, Delaware, USA, according to this contract, OAO "PMZ" is required to deliver to the address of the "Mclane Alliance" Inc. digital portative pressure calibrators KDP-610 (further referred to as pressure calibrators) for a total of 2.049.967,8 US dollars, after buying pressure calibrators, according to the contract #PO-13 from January 20th, 2000, from OOO "Torgovaya group RAUT", delivered this pressure calibrators, according to the customs declaration #22910/100200/00011701 and CMR #062937 to the address of the representation office of the "McLane Alliance" Inc., in a Lithuania Republic at the following address: Lithuania Republic, City of Klipeda, Liepu street 17, using an automobile with a license plate ZLP 407. According to the paragraph 31 of the above mentioned customs declaration, the producer of this pressure calibrators is OAO MNPO "Spektr" company.

On July 3rd, 2001 the tax bodies have came to a decision on a tax refund (VAT) in an amount of 11.661.660 rubles on a contract #HP/04-11.02 from February 1st, 2000 in a way of a payment on other taxes of OAO "PMZ", because the export of goods according to the Russian legislature is taxable at a stake of VAT 0%.

Nevertheless, during the investigation of the criminal case it is established, that OAO MNPO "Spektr" did not sign any agreements with OOO "Torgovaya group RAUT" and it is not a producer of the above mentioned pressure calibrators. Also, from the Agency of the investigation of the financial crimes of the Ministry of Interior of Lithuania Republic, we have received an answer, according to which, Customs Department of the Ministry of Finance of the Lithuania Republic, there is no information in a database of the Vilnus and Klipeda customs houses, regarding export of the pressure calibrators KDP-610 by a OAO "PMZ" company to the Lithuania Republic. Also they answered that there is no representation office of the "McLane Alliance" Inc. In a Lithuania Republic, there is no automobile Ford with a state license plate ZLP 407 that has crossed a state border of the Lithuania Republic on February 18th, 2000 with no cargo.

In this way, chiefs of the OAO "PMZ" company, in a period since 01.01.2000 and through 31.12.2001, in a way of presenting false tax declarations on a VAT to a tax bodies, have been avoiding tax payments to a budget of the Russian Federation for a total of 11.661.660 rubles, which is according to a Russian Law is considered as an especially large amount, meaning they have committed a crime, that is foreseen by an article 199, part 2, paragraph "b" of the Criminal Code of the Russian Federation. The present crime, according to the Criminal Law of the Russian Federation is considered to be a heavy crime.

<u>The investigation has basis to believe, that in the office of the "McLane Alliance" Inc. Company there are documents, that have essential value in this criminal case.</u>

On the basis of the above mentioned and according to the article 182, part one and two (<u>article 183, part</u> one and three) of the Criminal Code of Russian Federation

### HAS ORDERED:

1. To carry out an extraction in an office of **"McLane Alliance" Inc. Company**, situated at the following address: **1220 N. Market Street, # 606, Wilmington, New Castle, Delaware, USA**, originals of the following documents:
- Contract # HP/04-11.02 from February 1st, 2000 with attachments;
- Business correspondence between "McLane Alliance" Inc. Company, Russian company OAO "PMZ", representation office of the "McLane Alliance" Inc. Company in Lithuania Republic and other addresses in Russian Federation, concerning the fulfillment of the above mentioned contract between "McLane Alliance" Inc. And OAO "PMZ" companies;
- Documents, showing money transfer from the accounts of "McLane Alliance" Inc. Company to the accounts of OAO "PMZ" company for a purchase of pressure calibrators;
- Documents, showing bank payments between "McLane Alliance" Inc. Company, USA, and representation office of the "McLane Alliance" Inc. Company in Lithuania Republic, concerning fulfillment of the contract # HP/04-11.02 from February 1st, 2000;

<u>Investigator</u>                                                                                          _____

The order has been presented to me on "_____" _____ 200__ at _____ h _____ min
_____
(Last name, name, middle name of the person to whom the order applies)
_____

(Signature of a person to whom the order applies)

<u>Investigator</u>                                                                                          _____

Перевёл [signature] Курмут М.М.